IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LE DOMINIC WILLIAMS,            )
                                )
            Plaintiff,           )
                                )
    v.                           )    No. 11 C 8596
                                )
DIMITTRY & WIFE VERKHOLAZ,       )
et al.,                          )
                                )
            Defendants.          )

## MEMORANDUM ORDER

Le Dominic Williams ("Williams") has submitted a pro se Complaint for Violation of Constitutional Rights, using the form made available by the Clerk's Office for use by persons without lawyers. Williams has accompanied that filing with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte because Williams plainly has not established any violation of his constitutional rights by his targeted defendants.

In that respect, established Seventh Circuit doctrine teaches that anyone who seeks in forma pauperis status must demonstrate not only his or her financial inability to pay the $350 filing fee but also the existence of a nonfrivolous (in the legal sense) claim for relief. It is at that second hurdle that Williams trips and falls.

To begin with, the first two named defendants (Dimittry Verkholaz and his wife, who were the persons in the other car

involved in the two-car collision that is the springboard for all of Williams' claims) are private parties and not "state actors"--that is, persons who acted "under color" of state law within the meaning of 42 U.S.C. §1983 ("Section 1983") or other civil rights laws. Because both Williams and those prospective defendants are Illinois citizens, any lawsuit he may wish to bring against them must be filed in the state courts and not the federal court.

As for American Family Insurance and its agent Jim Kourafas, whom Williams blames for assertedly denying insurance coverage for the accident wrongfully, they too are not "state actors." Again federal jurisdiction is lacking to advance any claim against them.

Finally, Williams names as defendants Village of Skokie and Skokie Police Department. As for the latter, it is not a suable legal entity at all. And as for the Village of Skokie itself, although it is a state actor for Section 1983 purposes, the established caselaw under that statute insulates it from liability under the principles set out in <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 691 (1978).

In summary, Williams has failed to meet the basic requirements for admission to the federal courthouse. As to all but one of the named defendants, federal subject matter jurisdiction is lacking. And as for that remaining defendant,

the Village of Skokie, jurisdiction exists but there is no stated basis for Section 1983 liability. That being the case, the Application must be and is denied.

If Williams were to pay the $350 filing fee on or before December 22, he would be entitled to seek to proceed against the Village of Skokie--but what has been said earlier should forewarn Williams that such payment would in all likelihood constitute a waste of money because the action could not survive under <u>Monell</u>. In any case, no final order is being entered at this time, pending Williams' decision as to payment or nonpayment of the filing fee. If he does not make payment, this action will be dismissed on December 23 (or if Williams advises before that date that he will not pay the fee in any event, the action can be dismissed earlier). Meanwhile the Motion is simply continued pending such future developments.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 6, 2011